948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Laura D. SMITH, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INCORPORATED, Defendant-Appellee.
 No. 91-3501.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1991.
Decided Nov. 19, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-90-1872-B)
 Argued: Andrew Jay Graham, Kramon & Graham, P.A., Baltimore, Md., for appellant; Kevin Charles McCormick, Whiteford, Taylor & Preston, Baltimore, Md., for appellee.
 On Brief: Aron U. Raskas, Kramon & Graham, P.A., Baltimore, Md., for appellant. H. Russell Smouse, Whiteford, Taylor & Preston, Baltimore, Md., James D. Tomola, Nicholas S. Yovanovic, CSX Transportation, Inc., Jacksonville, Fla., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and HENRY M. HERLONG, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Laura D. Smith appeals the district court's entry of summary judgment on review of an arbitration award issued pursuant to the Railway Labor Act, 45 U.S.C. § 153. Because the district court correctly ruled that Appellant Smith failed to establish grounds for disturbing an arbitration award, the court affirms the district court's entry of summary judgment against Smith's action to review, revise and remand the July 7, 1989 Public Law Board award addressing Appellant's claim.
 
 I.
 
 2
 Appellant Smith's son died in a drowning accident on July 20, 1983. Appellant subsequently began to suffer from depression, for which her clinical psychologist recommended a change of surroundings. After reporting illness to her supervisor at CSX Transportation, Inc. (CSX) by telephone on April 10, 1985, Smith left her job for the shore of Maryland to recuperate. As a sick employee, Smith was not required by leave-of-absence provisions contained in Rule 28(b) of the collective bargaining agreement between her union and CSX (the Agreement) to obtain a formal leave of absence from CSX.[1] However, under Rule 60 of the collective bargaining agreement, Smith was entitled to only twenty (20) days paid sick leave each year, for which CSX could require a certificate from a reputable doctor.[2]
 
 
 3
 On June 12, 1985, after two months of Smith's absence, CSX sent a letter by certified mail to Smith's home address requesting more information regarding her illness. Smith's estranged husband received the letter at Smith's home address on June 18, 1985, but did not forward the letter to Appellant Smith. On September 4, 1985, CSX sent a second letter to Smith at her home address to again request information and to inform Smith that if she did not respond to the inquiry within ten (10) days, she would be removed from her position on CSX's seniority roster. Although the postal service twice attempted to deliver the second letter, it was never claimed and returned to CSX September 21, 1985. Concluding that Smith had abandoned her employment with CSX, CSX then removed Smith's name from the seniority roster on September 24, 1985 under authority of Rule 3(f) of the Agreement, which provides that employees who leave the company's service without a leave of absence will forfeit all seniority.
 
 
 4
 On October 22, 1985, approximately six (6) months after Smith had called in sick, CSX received Smith's first communication to the company since April 10, 1985. Smith's October 22 letter contested her removal from the seniority roster, and included notes from her psychologist and physician explaining Smith's illness and describing Smith as unfit for work.
 
 II.
 
 5
 On November 19, 1985, Appellant Smith's union, the Transportation Communications International Union (TCU), filed a grievance on Smith's behalf alleging that CSX violated the collective bargaining agreement between TCU and CSX. In addressing the grievance, Public Law Board No. 3540 stated, "[I]t is clear that the Claimant is largely responsible for the incident at hand due to her failure to supply carrier with the address she was residing during the time of her illness and her lack of contact with carrier for over 5 months." App. at 197. On July 7, 1989, Public Law Board No. 3540 ordered Smith reinstated on the seniority roster effective June 1, 1989, but did not award Smith back pay or other back benefits that Smith sought.
 
 
 6
 TCU did not challenge the Board's award. However, Smith brought this action to have the district court review, revise and remand the award of Public Law Board No. 3540. Smith contended that the Board deviated from the language of the agreement by gratuitously observing that Smith was largely responsible for the incident at hand, and thereby exceeded its jurisdiction in violation of Railway Labor Act (RLA), 45 U.S.C. § 153 First (q). CSX moved for dismissal of the action under Fed.R.Civ.P. 12(b)(6), which the court treated as a motion for summary judgment. The district court ruled that because the award was not wholly baseless or completely without reason, the award was in accordance with the RLA and should not be disturbed. The district court therefore dismissed Smith's complaint with prejudice. Smith brings this appeal of the district court's order.
 
 III.
 
 7
 RLA specifies the three exclusive grounds permitting a district court to revise a public law board award, one of which is the failure of the board's order to confine itself to matters within the board's jurisdiction. Union Pacific R.R. v. Sheehan, 439 U.S. 89, 93 (1978), reh'g denied, 439 U.S. 1135 (1979); 45 U.S.C. § 153 First (q). A public law board does not exceed its jurisdiction under 54 U.S.C. § 153 First (q) where the board confines itself to interpreting the collective bargaining agreement. Hill v. Norfolk and Western Ry., 814 F.2d 1192, 1196-97 (7th Cir.1987).
 
 
 8
 Appellant Smith contends that because Rule 28(b) of the collective bargaining agreement (the Agreement) does not require sick employees to obtain a formal leave of absence, and because Rule 60 of the Agreement only required Smith to contact her supervisor with the fact she was ill before taking sick leave, the Board erred in concluding that, under the Agreement, Smith was largely to blame because she failed to communicate with CSX during her absence. Because the Board's award was in part based on the conclusion that Smith was largely responsible under the Agreement, Smith argues that the Board's decision does not adhere to the language of the agreement. And since the Board's action did not adhere to the Agreement, Smith contends, the district court erred in refusing to set aside the Board's decision on the grounds that the Board exceeded the scope of its jurisdiction.
 
 
 9
 Appellant Smith correctly notes that under Rule 28(b), a sick employee is not required to secure a leave of absence. Nonetheless, Rule 60 prescribes the amount of paid sick leave available to employees according to their lengths of service. Smith's absence continued for over five (5) months, well after she had exhausted any paid sick leave to which she was entitled. Moreover, the leave of absence provisions contained in Rule 28(a) of the Agreement specify that leaves of absence exceeding thirty (30) days must be formally obtained in writing.[3] Smith, however, contends that the absence of a provision expressly stating that a sick employee who has exhausted his paid sick leave, but who wishes to remain off work in an unpaid capacity, is required to obtain a leave of absence pursuant to Rule 28 compels the conclusion that the Public Law Board exceeded the scope of its jurisdiction in ruling that Smith was largely responsible for the incident.
 
 
 10
 Though the scope of judicial review of a railway arbitration panel's award is among the narrowest in the law, Norfolk & Western Ry. v. Bhd. of Ry., Airline, & S.S. Clerks, Freight Handlers, Express and Station Employees, 657 F.2d 596, 599 (4th Cir.1981), a court may nonetheless set aside an arbitration panel's decision as exceeding the panel's jurisdiction where the award does not "draw[ ] its essence from the letter or purpose of the collective bargaining agreement." Loveless v. Eastern Air Lines, 681 F.2d 1272, 1276 (11th Cir.1982). However, in fashioning an award, "an arbitration panel is restricted to neither the strict language of a collective bargaining agreement nor the principles employed in the interpretation of private employment contracts." Norfolk & Western, 657 F.2d at 601. Thus,
 
 
 11
 the question for decision by a federal court asked to set aside an arbitration award ... is not whether the arbitrator or arbitrators ... erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract.
 
 
 12
 ....
 
 
 13
 [T]he judicial function is at an end in arbitration cases when the court is satisfied that the arbitrators were interpreting the contract rather than doing something else. Hill, 814 F.2d at 1195, 1197.
 
 
 14
 Here, approximately two months after Smith left work, and well after Smith's paid sick leave under the agreement was exhausted, CSX attempted to contact Smith to obtain information regarding her situation. Receiving no reply to correspondence which, from CSX's perspective, Appellant Smith apparently received, CSX again attempted to contact her. Appellant Smith, on the other hand, made no attempt to apprise CSX of her whereabouts or status until October 22, 1985, over five months after she initially called in sick. As Appellant's counsel admitted at oral argument, Smith's view of the Agreement would permit a CSX employee to call in sick, thereafter absent himself from work for ten years without communicating to his employer, and later return to work and successfully demand to be reinstated with no loss of seniority and full back pay and benefits. In light of procedures for obtaining sick leave or leaves of absence which are detailed in the Agreement, this interpretation strains credulity.
 
 
 15
 On these facts, the Board's determination that Smith was largely responsible under the Agreement is not a decision so far removed from the letter or purpose of the Agreement as to exceed the scope of the Board's jurisdiction. Public Law Board No. 3540 properly confined itself to interpreting the Agreement in reaching the conclusion that Smith was partly at fault for the incident.
 
 IV.
 
 16
 Given the scope of review which courts may exercise in examining public law boards' decisions, the district court correctly determined that Appellant Smith established no basis for disturbing the award of Public Law Board No. 3540. The district court's entry of summary judgment against Appellant Smith's action is accordingly
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Rule 28 of the Agreement provides in pertinent part, "LEAVE OF ABSENCE ... (b) Employees sick or injured ... will not be required to secure leave of absence and their seniority will not be affected thereby." App. at 68
 
 
 [2]
 Rule 60 of the Agreement provides in pertinent part, SICK LEAVE
 * * *
 
 
 [3]
 Beginning on the first day an employe is absent from work ... such employe shall be entitled to a sickness allowance ... in accordance with the schedule of benefits set forth below: ... (d) upon completion of ten (10) or more years of service, a total in the following year of twenty (20) days pay
 * * *
 
 
 [10]
 The employing officer must be satisfied that the illness is bona fide. Satisfactory evidence as to sickness, preferably in the form of a certificate from a reputable doctor, may be required in case of doubt
 App. at 88-89.
 Smith had been employed with CSX for over 10 years.
 
 
 [3]
 Rule 28(a) provides, "Leave of absence for thirty (30) days or more shall be in writing by the proper Officer of the Company.... An employe shall not be granted more than sixty (60) days' leave in any twelve (12) month period, except by written agreement between the proper Officer and the Local Chairman." App. at 68